IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARRIE FAY DRAKE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ELMORE COUNTY JAIL, )<br>)<br>    Defendant. ) | Case No. 2:24-cv-699-WKW-CWB |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 while confined at the Elmore County Jail. (*See* Doc. 2). By Order entered December 10, 2024, Plaintiff was informed that the Complaint was deficient. (*See* Doc. 6). Plaintiff further was cautioned that her failure to file a curative amendment by December 31, 2024 would result in a recommendation of dismissal. (*See id*. at pp. 2-3).

Despite the court's instructions and admonition, Plaintiff did not file an amendment by the imposed deadline. The Magistrate Judge finds that Plaintiff's failure to comply with the court's directives or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to take action notwithstanding being warned about a potential dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power

to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (observing that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).

The Magistrate Judge also notes that dismissal would be appropriate on grounds that the Elmore County Jail is the sole named defendant. Capacity to sue or be sued is determined by the law of the state in which the district court sits. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). And it consistently has been held that county jails are not proper defendants under Alabama law. *See Moon v. Russell Cnty. Jail*, No. 3:20-CV-727, 2020 WL 5997120, *2 (M.D. Ala. Sept. 17, 2020), *report and recommendation adopted*, No. 3:20-CV-727, 2020 WL 5995504 (M.D. Ala. Oct. 9, 2020) ("It is clear the Russel County Jail is not a legal entity subject to suit and is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(b)(1)."); *Alexander v. Houston Cnty. Jail*, No. 1:20-CV-30, 2020 WL 762281, *1 (M.D. Ala. Jan. 17, 2020), *report and recommendation adopted*, No. 1:20-CV-30, 2020 WL 762375 (M.D. Ala. Feb. 14, 2020) ("[A] county jail is not a viable defendant under Section 1983.") (citation and brackets omitted); *Linares v. Etowah Cnty. Jail*, No. 4:14-CV-01364, 2015 WL 1643381, *1 n.1 (N.D. Ala. Apr. 13, 2015) ("[Etowah County Jail] is not a legal entity capable of being sued under § 1983."); *Holifield v. City of Mobile Mun. Ct. of Mobile, Ala.*, No. 07-0309, 2009 WL 793516, *2 (S.D. Ala. Mar. 19, 2009) ("Because an Alabama sheriff's department lacks the capacity to be sued, then, it follows that the jail likewise lacks the capacity to be sued."); *see also Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010).

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **January 24, 2025**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 10th day of January 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**